# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PAUL EDWARD CONNARE,**

      Plaintiff,

v.                                          Case No: 6:16-cv-955-Orl-40DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

_____

## REPORT AND RECOMMENDATION

Paul Edward Connare (Claimant) appeals the Commissioner of Social Security's (the Commissioner) final decision denying his applications for disability benefits. Doc. 1. Claimant argues that the Administrative Law Judge (ALJ) erred by: 1) failing to weigh the opinions of his treating physicians, Drs. Stephen Oh, Kenneth Johnson, and Anthony Capozzi; and 2) posing a hypothetical question to the Vocational Expert (VE) that did not account for all of his functional limitations. Doc. 20 at 9-22. Claimant argues that the matter should be reversed and remanded for an award of benefits, or, in the alternative, for further proceedings. *Id.* at 22. The undersigned **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**.

## I.  THE ALJ'S DECISION.

This case stems from Claimant's applications for disability insurance benefits and supplemental security income. R. 180-87. Claimant alleged a disability onset date of January 1, 2010. R. 43.

The ALJ issued his decision on August 27, 2014. R. 21-35. The ALJ found that Claimant did not have any severe physical impairments, but found that Claimant suffered from the following severe mental impairments: affective disorder; and substance abuse disorder. *Id*. at 24.

The ALJ first considered whether Claimant would be disabled based on all of his impairments, including his substance abuse. R. 24-28. The ALJ found that Claimant does not meet any listed impairments. R. 24-26. The ALJ found that Claimant has the residual functional capacity (RFC) to perform a full range of work at all exertional levels with the following limitations:

> [T]he claimant retains the ability to perform simple, routine, repetitive tasks and likely has the ability to perform tasks at higher levels. He has moderate limitation in the ability to maintain attention and concentration for extended periods. The claimant has moderate limitations in the ability to interact appropriately with the general public, accept instruction from supervisors and get along with co-workers without distracting them. He has marked limitation in the ability to respond to changes in a work setting and would have difficulty adapting to routine changes in a work setting.

R. 26. The ALJ, in light of this RFC, found that Claimant would be unable to perform his past relevant work, or other work in the national economy. R. 27-28.

The ALJ then, as required by the applicable regulations, considered whether Claimant would be disabled, absent the effects of his substance abuse. R. 28-35.[1] The ALJ again found that

---

[1] The Claimant will not be considered disabled if his substance abuse is a "contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The "key factor" in this analysis is whether Claimant would still be found disabled if he stopped using drugs. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1); *Doughty v. Apfel*, 245 F.3d 1274, 1279 (11th Cir. 2001). Claimant bears the burden of proving that he would still be disabled even if he stopped using drugs. *Doughty*, 245 F.3d at 1275-76. If Claimant would no longer be disabled if he stopped using drugs, then Claimant's substance abuse is considered to be a "contributing factor material to the determination of [his] disability," and he has therefore failed to meet his burden to prove that he is disabled. 20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i).

Claimant does not meet any listed impairments. R. 28-30. The ALJ found that Claimant would have the RFC to perform a full range of work at all exertional levels with the following limitations:

> [L]ift 10 pounds constantly, 50 pounds frequently, and 100 pounds occasionally; sit 8 hours a day; stand and/or walk 7 hours a day; never climb ladders, be around heights, dust, odors and fumes, and extreme temperatures; occasionally climb stairs, kneel, crouch, crawl, be around moving machinery, drive, humidity and vibrations. He has moderate limitation in the ability to maintain attention and concentration for extended periods. The claimant has moderate limitations in the ability to interact appropriately with the general public, accept instruction from supervisors and get along with co-workers without distracting them. He has moderate limitation in the ability to respond to changes in a work setting and would have difficulty adapting to routine changes in a work setting. As a result of these moderate mental restrictions, the claimant should have little to no requirements for communicating with others; would have some difficulty adapting to routine changes (due to poor coping skills); and would be limited to only simple routine tasks.

R. 30. The ALJ, in light of this RFC, found that Claimant would be unable to perform his past relevant work, but, would be able to perform other work in the national economy, including warehouse checker, night cleaner, and table worker. R. 34-35. The ALJ found that Claimant's substance abuse is a contributing factor material in determining whether Claimant is disabled, because Claimant would not be disabled if he stopped abusing substances. R. 35. Therefore, the ALJ, without considering the effects of Claimant's substance abuse, concluded that Claimant has not been disabled at any time from the alleged onset date, January 1, 2010, through the date of the decision, August 27, 2014. *Id*.

## II. **STANDARD OF REVIEW**.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67

F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. ANALYSIS.

#### A. Treating Physicians.

This appeal centers on Claimant's mental impairments, and the mental health treatment he received from Drs. Oh, Johnson, and Capozzi. *See* Doc. 20 at 9-22. Claimant argues that the ALJ failed to weigh Drs. Oh's, Johnson's, and Capozzi's treatment records and opinions. *Id*. at 9-19.[2] The Commissioner maintains that the ALJ properly considered Drs. Oh's, Johnson's, and Capozzi's treatment records, and argues that the failure to weigh their opinions is harmless error because their opinions likely accounted for limitations caused or exacerbated by Claimant's

---

[2] Claimant also baldly argues that the ALJ failed to state the weight he assigned to another treating physician, Dr. Zaman. Doc. 20 at 14. This appears to be an error, because Claimant does not point to any records or opinions from Dr. Zaman, *see* Doc. 20, and the undersigned's independent review of the record did not reveal any records or opinions from Dr. Zaman. Therefore, the undersigned finds Claimant's argument concerning Dr. Zaman unavailing.

substance abuse. Doc. 23 at 8-9. Therefore, the Commissioner argues that the ALJ's decision is supported by substantial evidence. *Id.* at 9-10.

The ALJ assesses the claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips*, 357 F.3d at 1238. The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).[3]

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. §§ 404.1527(c), 416.927(c).

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). There is good cause to assign a treating physician's opinion less than substantial or considerable weight, where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179.

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id*.

Claimant began treating with Dr. Oh, a psychiatrist, in 1999. R. 332-37. Dr. Oh initially diagnosed Claimant with social phobia. R. 337. Dr. Oh treated Claimant on numerous occasions prior to the alleged onset date. R. 312-31. Claimant's mental status examinations during this period routinely revealed that he had an anxious and/or depressed mood. R. 316-31. Dr. Oh diagnosed Claimant with various impairments during this period, including anxiety, depression, panic disorder, and social phobia. *Id*. Dr. Oh treated Claimant with various medications. *Id*. Dr. Oh's treatment records reveal that Claimant began to improve in 2009, and his improvement continued past the alleged onset date through May 18, 2011, which appears to be the last day Dr. Oh treated Claimant. R. 301-04, 306-15. Dr. Oh's treatment records during this period reveal that Claimant routinely reported that he was "doing well," and reported engaging in other activities, such as interviewing for a job at a hardware store, working on his parent's house, and traveling to New Hampshire for vacation. *Id*. Claimant's mental status examinations during this period were unremarkable, with the only exception occurring on December 17, 2010, when Dr. Oh observed that Claimant had a depressed mood. *Id*. Dr. Oh's treatment records contain no statements or opinions that Claimant's impairments cause any functional limitations. *See* R. 301-04, 306-37.

On October 13, 2011, Dr. Johnson, a family physician, completed a "Summary of Treatment for Mr. Paul E. Connare" (the Summary). R. 376-77. Dr. Johnson stated that he treated Claimant on five occasions, with the last treatment occurring on September 17, 2009, and that the information in the Summary was based on his review of treatment records from that period. R. 376-77. Dr. Johnson stated that Claimant struggled with chronic debilitating social fears accompanied by severe drug dependence, and also appeared to exhibit symptoms that would suggest he suffered from bipolar disorder II. *Id*. Dr. Johnson observed that although Claimant "appears motivated for treatment and interested in pursuing an education and employment in the recent past there has been great difficulty in him overcoming his drug addiction[.]" R. 377. Dr. Johnson opined that Claimant's prognosis was poor, and that "[g]iven his three year history of not working, being primarily homebound, demonstrating a nonexistent ability to be in social settings strongly indicates that he is not-likely to gain employment in the near future." *Id*.

Claimant began treating with Dr. Capozzi, a psychiatrist, in February 2012, and continued to treat with Dr. Capozzi through November 2013. R. 379-88, 392-98. Claimant's mental status examinations during this period were largely unremarkable, with a few observations of anxious mood. R. 382, 384, 386, 397. Dr. Capozzi consistently diagnosed Claimant with social phobia, anxiolytic[4] dependence, and opioid dependence, and primarily treated Claimant with medication. R. 379-81, 383, 385, 387-88, 392-94. Dr. Capozzi's treatment records contain no statements or opinions that Claimant's impairments cause any functional limitations. *See* R. 379-88, 392-98.

On April 9, 2014, Dr. Danna B. Costa-Sahs (Dr. Costa), a psychologist, performed a one-time psychological evaluation of Claimant. R. 432-38. Dr. Costa's examination consisted of a

---

[4] An anxiolytic is a medicine that is used to treat anxiety disorders. *See* Stedman's Medical Dictionary 114 (28th ed. 2006).

review of Claimant's medical records, including records from Drs. Oh, Johnson, and Capozzi, a review of his history, activities of daily living, and a mental status examination. R. 432-34. Claimant's mental status examination was largely unremarkable, with observations of fair remote memory and social skills. R. 434. Dr. Costa diagnosed Claimant with the following impairments: unspecified depressive disorder; panic disorder; cannabis use disorder; per Claimant's reports, amphetamine-type substance abuse disorder in early remission; and, sedative, hypnotic, or anxiolytic use disorder in early remission. *Id.* Dr. Costa opined that Claimant's prognosis is guarded, that his "overall presentation should be interpreted with caution due to [his] inconsistent reporting of his illegal substance use," and that his reported and observed mental health symptoms appear to moderately impact his activities of daily living, vocational performance, and interpersonal interactions. R. 435. Dr. Costa also completed a "Medical Source Statement of Ability to Do Work-Related Activities (Mental)" in conjunction with her psychological examination, in which she opined that Claimant was not limited in his ability to understand and remember simple instructions, mildly limited in his ability to make judgments on simple work-related decisions, moderately limited in his ability to interact appropriately with the public, co-workers and supervisors, and markedly limited in his ability to respond appropriately to usual work situations and changes in a routine work setting. R. 436-37.

The ALJ, as previously mentioned, found that if Claimant stopped his substance abuse he would have the RFC to perform a full range of work at all exertional levels,[5] with the following limitations:

---

[5] There are four levels of work, sedentary, light, medium, heavy, and very heavy work. 20 C.F.R. §§ 404.1567, 416.967. A claimant with an RFC to perform a full range of work at all exertional levels, would be able to perform very heavy work, which includes "lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more."

> [L]ift 10 pounds constantly, 50 pounds frequently, and 100 pounds occasionally; sit 8 hours a day; stand and/or walk 7 hours a day; never climb ladders, be around heights, dust, odors and fumes, and extreme temperatures; occasionally climb stairs, kneel, crouch, crawl, be around moving machinery, drive, humidity and vibrations. *He has moderate limitation in the ability to maintain attention and concentration for extended periods. The claimant has moderate limitations in the ability to interact appropriately with the general public, accept instruction from supervisors and get along with co-workers without distracting them. He has moderate limitation in the ability to respond to changes in a work setting and would have difficulty adapting to routine changes in a work setting. As a result of these moderate mental restrictions, the claimant should have little to no requirements for communicating with others; would have some difficulty adapting to routine changes (due to poor coping skills); and would be limited to only simple routine tasks*.

R. 30 (emphasis added).[6] The ALJ, in reaching this RFC determination, discussed Drs. Oh's, Johnson's, and Capozzi's treatment records, but did not expressly assign any of their records weight. R. 31-32. The ALJ also considered Dr. Costa's opinion and assigned it significant weight, because it was consistent with the medical evidence, Claimant's daily activities, and takes into account Claimant's history of substance abuse. R. 33.

Claimant first argues that the ALJ failed to state the weight he assigned to Dr. Oh's opinion. Doc. 20 at 15-16. Claimant provides a brief summary of Dr. Oh's treatment records, but fails to identify the opinion that the ALJ allegedly failed to weigh. *See id*. The record, contrary to Claimant's argument, does not contain any opinions from Dr. Oh concerning functional limitations caused by Claimant's impairments. *See* R. 301-04, 306-37. Thus, there were no opinions from

---

*Id*. §§ 404.1567(e), 416.967(e). A claimant that is capable of performing very heavy work can also perform heavy, medium, light, and sedentary work. *Id*.

[6] This appeal, as previously mentioned, focuses on Claimant's mental impairments, including Claimant's treatment with Drs. Oh, Johnson, and Capozzi, *see* Doc. 20 at 9-22, thus, the undersigned will focus on the ALJ's consideration of those physician's treatment records and opinions – to the extent they offered any medical opinions – and other medical and opinion evidence concerning Claimant's mental impairments.

Dr. Oh that needed to be weighed. *See Winschel*, 631 F.3d at 1178-79. Further, to the extent the ALJ was required to weigh Dr. Oh's treatment records, any resulting error would be harmless. There is nothing in Dr. Oh's treatment records, such as opinions concerning Claimant's limitations, that demonstrate that Claimant's impairments, with the exception of his substance abuse, caused limitations greater than those contained in the ALJ's RFC determination. *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *see also Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam). Therefore, Claimant has failed to demonstrate that the ALJ committed any error with respect to Dr. Oh that would require reversal.

Claimant next argues that the ALJ failed to state the weight he assigned to Dr. Johnson's opinion. Doc. 20 at 16. Dr. Johnson, as previously mentioned, treated Claimant on five occasions prior to the alleged onset date. R. 376. On October 11, 2011, approximately two years after treating Claimant, Dr. Johnson provided the Summary of Claimant's treatment. R. 376-77. Dr. Johnson attributed much of Claimant's struggles to his substance abuse, opining that his work history, his homebound nature, and difficulty in social settings "strongly indicates that he is not-likely to gain employment in the near future." R. 377. Claimant argues that due to the ALJ's failure to weigh Dr. Johnson's opinion, it is impossible to know how the ALJ factored that opinion into his RFC determination. Doc. 20 at 16. Dr. Johnson's opinion should have been weighed, because it generally touches upon Claimant's limitations, notably his social limitations and overall ability to work. R. 376-77.

The failure to weigh Dr. Johnson's opinion is harmless error for several reasons. First, Dr. Johnson's opinion relates to a period predating the alleged onset date, and Claimant has failed to

demonstrate that Dr. Johnson's opinion carried through the onset date. *See* Doc. 20 at 16. Second, a significant portion of the opinion touches upon the ultimate issue of disability, which is a matter that is reserved for the Commissioner and, thus, is an opinion that is not entitled to controlling weight. *See Kelly v. Comm'r of Soc. Sec.*, 401 F. App'x 403, 407 (11th Cir. 2010); SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996) ("[T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance."). Third, Dr. Johnson's opinion, as the ALJ recognized, does not account for Claimant's limitations if he stopped abusing drugs, which, in cases, such as this, is crucial in determining whether Claimant is disabled. R. 33-34; *see* 20 C.F.R. §§ 404.1535, 416.935. Finally, there is nothing in Dr. Johnson's opinion that demonstrates that Claimant's impairments, with the exception of his substance abuse, cause limitations greater than those contained in the ALJ's RFC determination. *See Wright*, 153 F. App'x at 684; *see also Caldwell*, 261 F. App'x at 190. Therefore, Claimant has failed to demonstrate that the ALJ committed any error with respect to Dr. Johnson's opinion that would require reversal.

Claimant next generally argues that the ALJ erred in considering Dr. Capozzi's treatment records and his opinion. Doc. 20 at 16-19. First, Claimant maintains that the ALJ could not have adequately considered Dr. Capozzi's treatment records, because they are largely illegible. *Id.* at 16-18. Thus, Claimant suggests that the ALJ should have made some effort to clarify the record. *Id.* Second, Claimant argues that the ALJ failed to state the weight he assigned to Dr. Capozzi's opinion. *Id.* at 16, 18. Claimant argues that these failures make it impossible to know how the ALJ considered Dr. Capozzi's treatment records and factored Dr. Capozzi's opinion into the RFC determination. *Id.* at 19.

The undersigned finds Claimant's argument concerning the ALJ's consideration of Dr. Capozzi's treatment records unavailing. Claimant's argument concerning the legibility of Dr. Capozzi's treatment records presumes that the ALJ could not adequately review those records. Claimant, though, points to no evidence demonstrating that the ALJ was unable to adequately understand Dr. Capozzi's treatment records. *See* Doc. 20 at 16-18. There is nothing in the ALJ's decision that suggests the ALJ was unable to adequately review Dr. Capozzi's treatment records. *See* R. 21-35. To the contrary, the ALJ provided a summary discussion of Dr. Capozzi's treatment records, R. 32, which suggests that the ALJ was able to meaningfully review Dr. Capozzi's treatment records. The ALJ was not alone, as Dr. Costa also reviewed Dr. Capozzi's treatment records in conjunction with her one-time examination, and did not indicate that she had any problems reviewing Dr. Capozzi's treatment records. R. 432. The undersigned, having independently reviewed Dr. Capozzi's treatment records, finds that the record demonstrates that the ALJ was able to and did meaningfully review Dr. Capozzi's treatment records, and thus was not required to re-contact Dr. Capozzi. *See Moore v. Astrue*, 2009 WL 1025389, at *4 (M.D. Ga. Apr. 15, 2009) (finding the ALJ did not err by failing to re-contact a physician to clarify notations the physician made in the record, because the ALJ's decision revealed that the ALJ adequately understood the physician's treatment notes).

The undersigned next finds Claimant's argument that the ALJ failed to state the weight he assigned to Dr. Capozzi's opinion unavailing. Claimant fails to identify the opinion that the ALJ allegedly failed to weigh. *See* Doc. 20 at 16-19. The record, contrary to Claimant's argument, does not contain any opinions from Dr. Capozzi concerning functional limitations caused by Claimant's impairments. *See* R. 379-88, 392-98. Thus, there were no opinions from Dr. Capozzi that needed to be weighed. *See Winschel*, 631 F.3d at 1178-79. Further, to the extent the ALJ was

required to weigh Dr. Capozzi's treatment records, any resulting error would be harmless. There is nothing in Dr. Capozzi's treatment records, such as opinions concerning Claimant's limitations, that demonstrate that Claimant's impairments, with the exception of his substance abuse, caused limitations greater than those contained in the ALJ's RFC determination. *See Wright*, 153 F. App'x at 684; *see also Caldwell*, 261 F. App'x at 190. Therefore, Claimant has failed to demonstrate that the ALJ committed any error with respect to Dr. Capozzi that would require reversal.

The ALJ's finding concerning Claimant's mental impairments is supported by substantial evidence. The ALJ properly considered the impact of Claimant's substance abuse in determining whether he was disabled. The ALJ, in doing so, pointed to Dr. Johnson's Summary, and his observation that while Claimant "appears motivated for treatment and interested in pursuing an education and employment in the recent past there has been great difficulty in him overcoming his drug addiction[.]" R. 33-34 (citing R. 377). The ALJ determined that Dr. Johnson's observation, as well as other evidence, demonstrate that Claimant's substance abuse is a contributing factor material in determining whether Claimant is disabled. *Id*. The ALJ found that Claimant experiences no more than moderate mental limitations when he is compliant with his medication. R. 33. This finding is supported by Dr. Oh's treatment notes from the relevant period, which routinely indicated that Claimant was doing well and had unremarkable status examinations while he was compliant with his medications. R. 301-04, 306-15. The ALJ's finding is also supported by Dr. Costa's opinion, which took Claimant's substance abuse into consideration and found that Claimant's impairments essentially caused no more than moderate mental limitations. R. 433, 435-37. The ALJ expressly included those moderate mental limitations in his RFC determination. R. 30. The ALJ then interpreted those moderate limitations by providing specific functional limitations. *Id*. The undersigned finds the mental limitations in the ALJ's RFC determination are

supported by substantial evidence. Therefore, it is **RECOMMENDED** that the Court reject Claimant's first assignment of error.

### B. The ALJ's Reliance on the VE's Testimony.

Claimant argues that since the ALJ failed to properly weigh Drs. Oh's, Johnson's, and Capozzi's opinions, the ALJ's hypothetical question was not supported by substantial evidence, and, thus, the ALJ erred by relying on the VE's testimony in determining that Claimant was not disabled. Doc. 20 at 20-22. This argument is unavailing for two principle reasons. First, Claimant fails to articulate what limitations should have, but were not, included in the ALJ's hypothetical. *See id*. Second, the success of Claimant's second assignment of error is contingent upon the success of his first assignment of error. The undersigned, as discussed above, found that the ALJ committed no error with respect to Drs. Oh, Johnson, and Capozzi that require reversal, and that the ALJ's RFC determination concerning Claimant's mental impairments was supported by substantial evidence. *See supra* pp. 4-14. Thus, Claimant's second assignment of error is unavailing. Therefore, it is **RECOMMENDED** that the Court reject Claimant's second assignment of error.

### IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the Commissioner's final decision; and
2. Direct the Clerk to enter judgment in favor of the Commissioner and against the Claimant, and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 8, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy